### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAN D. PRATHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. CIV-12-1015-R |
| | ) |
| REMINGTON PARK, et al., | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, has brought this action purporting to seek relief pursuant to 42 U.S.C. §1983 for the alleged violation of his constitutional rights.[1] United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C).

**Plaintiff's Complaint**

Plaintiff names "Remington Park" as the first Defendant, explaining that Defendant was employed as "Casino Race Track" and was "acting under color of state law" through its status as "Casino Race Track [and] Official's."[2] [Doc. No. 1, p. 1]. He names "official's" as the second Defendant and states Defendant was employed as "Casino Worker's . . . acting under color of state law [as] Worker's." *Id.* at 2. When called on by the form complaint to

---

[1] Plaintiff has now been placed on notice in multiple cases filed in this court that he has accumulated three strikes pursuant to the provisions of 28 U.S.C. § 1915. *See, e.g, Prather v. Bureau of Alcohol Tobacco Firearms and Explosives,* CIV-12-1369-R [Doc. No. 6].

[2] Unless otherwise indicated, quotations in this report are reproduced verbatim.

briefly state the background of his case, Plaintiff lists topics including discrimination against a disabled person, failure to protect, Eighth Amendment, racial discrimination, retaliation, and "Americans with Disabilities Act." *Id.*

In the first of three counts, Plaintiff again simply lists topics such as failure to protect, excessive force, and guard misconduct. *Id.* at 3.  As facts in support of this count, Plaintiff asserts the following: "Remington Park Discrimination against Disabled Person which was me by Guard misconduct and Excessive Force also Racial Profiling[.]"  *Id.*  In Count II, Plaintiff defines racial profiling and states that it is prohibited.  *Id.*  It is asserted through Count III that race shall not be the sole factor in a probable cause determination and that it cannot justify an individual's detention or the investigatory stop of a vehicle.  *Id.* at 4.  By way of relief, Plaintiff seeks "seven hundred billion dollars." *Id.* at 5.

Upon initial review of Plaintiff's complaint and for the reasons which follow, the undersigned recommends that this complaint be dismissed upon filing pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**<u>Standard for Initial Screening</u>**

The court must promptly review Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  A complaint is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations.  *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  In

reviewing the sufficiency of the complaint, the court considers whether Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to Plaintiff. *Sunrise Valley, LLC v. Kempthorne,* 528 F.3d 1251, 1254 (10th Cir. 2008), *cert. denied,* 129 S.Ct. 2377 (2009). A pro se plaintiff's complaint must be broadly construed under this standard. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "broad reading" of pro se complaints dictated by *Haines* "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

**Analysis**

The foregoing review of Plaintiff's complaint in light of the standards on initial screening reveals that Plaintiff has wholly failed to allege facts sufficient to state a recognized legal claim under Section 1983. *See Hall*, 935 F.2d at 1110. Moreover, Plaintiff has failed to adequately maintain that any Defendant was a state actor who violated his rights under the Constitution or federal law. *See Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978). "In order to establish state action, a plaintiff must demonstrate that the alleged deprivation of constitutional rights was 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom

the State is responsible.'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995)(quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). Additionally, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937. Because Plaintiff's complaint fails to properly state a claim upon which relief can be granted and is frivolous in the absence of an arguable legal basis under 42 U.S.C. § 1983, dismissal without prejudice to refiling is warranted.

### RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For these reasons, the undersigned Magistrate Judge recommends that this complaint be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of the Court by February 18, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

DATED this 28th day of January, 2013.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE